UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

JOSEPH ABBEY,

        Petitioner,

v.                                              **DECISION AND ORDER**
                                                    09-CR-203S
                                                    12-CV-595S

UNITED STATES OF AMERICA,

        Respondent.

## I. INTRODUCTION

Presently before this Court is Petitioner Joseph Abbey's Motion to Vacate, Set Aside, or Correct his Sentence and Conviction pursuant to 28 U.S.C. § 2255. For the reasons discussed below, Petitioner's motion is denied.

## II. BACKGROUND

On September 2, 2010, Petitioner appeared before this Court and pled guilty to conspiring to possess with intent to distribute, and to distribute controlled substances, in violation of 21 U.S.C. § 846. (Docket Nos. 291, 294.) The charge carried a maximum possible sentence of 40 years, a fine of $2,000,000, a mandatory $100 special assessment and a term of supervised release of at least four years and up to life. (Docket No. 291.)

In the plea agreement, Petitioner and the Government agreed that the total offense level, including a reduction for Petitioner's acceptance of responsibility, was 27, and that Petitioner's criminal history category was I, which resulted in a Guidelines sentencing range of 70 to 87 months, a fine of $12,500 to $2,000,000, and a period of supervised release

1

of four to five years.  (Docket No. 291.)

On April 5, 2012, this Court sentenced Petitioner to a non-Guideline sentence of time served, and a five year period of supervised release, to be unsupervised if deported. (Docket No. 566.)  Thereafter, the Department of Homeland Security took Petitioner into custody and commenced removal proceedings against him.

On June 20, 2012, Petitioner filed a "Notice of Motion to Vacate Guilty Plea Pursuant to 28 U.S.C. § 1651 *et seq.*"  This Court recharacterized Petitioner's motion as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Motion to Vacate").  (Docket No. 589.)  The parties completed briefing on October 5, 2012, at which time this Court took the motion under advisement without oral argument.

## III. DISCUSSION

### A.    Standard of Review

Twenty-eight U.S.C. § 2255 allows federal prisoners to challenge the constitutionality of their sentences. That section provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

The Second Circuit has held that a "collateral attack on a final judgment in a criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction

in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996) (per curiam) (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995)).

**B.    Petitioner's § 2255 Motion**

Petitioner moves to vacate his sentence on the basis that he was denied effective assistance of counsel.  He contends that his attorney failed to advise him that entering a guilty plea would subject him to negative immigration consequences, including possible removal from the United States. (Docket No. 584.) Respondent argues that Petitioner's claims are procedurally barred by Petitioner's failure to file a direct appeal and, in any event, lack merit.

The United States Supreme Court has held that an ineffective assistance of counsel claim may be raised in a § 2255 motion even if it was not raised on direct appeal. Massaro v. United States, 538 U.S. 500, 123 S.Ct. 1690, 1696, 155 L.Ed.2d 714 (2003); see also Graff v. United States, 269 F.Supp.2d 76, 78-79 (E.D.N.Y. 2003) (discussing Massaro).

The Sixth Amendment provides, in pertinent part, that "[i]n all criminal prosecutions, the accused shall . . . have the Assistance of Counsel for his defence." U.S. CONST. amend VI. It is well-established that "the right to counsel is the right to the effective assistance of counsel." Eze v. Senkowski, 321 F.3d 110, 124 (2d Cir. 2003) (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)).

The standard for determining whether a defendant received effective assistance of counsel is set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  To establish a claim under the Strickland standard, "a defendant must show

(a) that counsel's representation 'fell below the objective standard of reasonableness' based on 'prevailing professional norms' and (b) that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Eze, 321 F.3d at 123 (quoting Strickland, 466 U.S. at 688, 694).

When a conviction is secured by way of plea, the second Strickland factor is modified to require a defendant to demonstrate that but for counsel's unprofessional errors, he would not have pled guilty. See Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985); Tate v. Wood, 963 F.2d 20, 26 (2d Cir. 1992). There is a strong presumption in favor of the reasonableness of an attorney's performance. See Gilbert v. United States, 489 F. Supp. 2d 150, 154 (N.D.N.Y. 2006) (citing Strickland, 466 U.S. at 688). This presumption applies because it is "too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence . . . ." Strickland, 466 U.S. at 689.

Petitioner relies on Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473 (2010) in support of his ineffective assistance of counsel claim. In Padilla, the Supreme Court held that counsel's failure to correctly advise a defendant of deportation consequences stemming from a guilty plea amounted to constitutionally deficient assistance. See Padilla, 130 S.Ct. at 1486. The Supreme Court further found that whether a petitioner is entitled to relief "will depend on whether he can demonstrate prejudice as a result" of constitutionally deficient counsel. Id.

Consistent with Padilla, Petitioner claims that his lawyer was ineffective for failing to advise him of the deportation consequences of his plea. There is, however, no merit to this claim. This Court explained the terms of Petitioner's plea agreement, including the

4

provisions addressing his appeal waiver, the elements and factual basis of the charges against him, the waiver of the statute of limitations defense, the sentencing calculations, his appeal rights, and his cooperation agreement. (Docket No. 596.) Moreover, this Court expressly discussed with Petitioner the specific deportation consequences that a guilty plea would carry. (Docket No. 596.) Such consequences were also expressly identified in the plea agreement, which Petitioner signed.[1] (Docket No. 291.) These are the same consequences Petitioner now claims his lawyer failed to explain.

> THE COURT: And then it makes clear in this agreement that you are not a citizen of this country, and your status here would be affected perhaps by this conviction. And you are on notice that if the conviction results in your deportation, where you're being sent out of this country, you cannot come back without the proper approval of the proper officials, either the Attorney General of the Secretary of Homeland Security, do you understand?
>
> THE DEFENDANT: Yes.

(Docket No. 596.)

---

[1] Paragraph 15 of Petitioner's plea agreement confirms that he was aware of the deportation consequences of entering a guilty plea:

> "The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status as the defendant is not a citizen of the United States. Under federal law, the crime to which the defendant is pleading guilty is a removable offense. The defendant understands that, as a result of the offense to which the defendant is pleading guilty, removal is presumptively mandatory. Removal and other immigration consequences will be the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of a conviction in this case on the defendant's immigration status. The defendant nevertheless wants to plead guilty regardless of the immigration consequences of a conviction on the defendant's immigration status, even if the consequence is the defendant's automatic removal from the United States."

(Docket No. 291.)

Further, at the first plea hearing,[2] Petitioner indicated that he was satisfied with his lawyer:

> THE COURT: Are you satisfied with your lawyer?
>
> THE DEFENDANT: Yes, I do.
>
> THE COURT: You've listened to his legal advice?
>
> THE DEFENDANT: Yes, I do.

(Docket No. 596.)

When Petitioner's plea was finally accepted, two months after the first hearing, Petitioner again affirmed his satisfaction with his attorney:

> THE COURT: You're comfortable following the advice of your attorney, Mr. Fogg, who has advised you in connection with this agreement, is that correct?
>
> THE DEFENDANT: Yes, I do.

(Docket No. 600.)

Petitioner's admissions during the plea hearings refute the notion that he was dissatisfied with his lawyer. They also undermine the allegations of ineffectiveness he now asserts. As the plea agreement and transcripts reflect, Petitioner was undoubtedly informed of the immigration consequences of his plea, including that he could be removed from the United States. Because he was aware of these consequences and still pled guilty, Petitioner fails to establish that there would have been a different result but for counsel's conduct. See United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997) ("A defendant's bald statements that simply contradict what he said at his plea allocution are

---

[2] Several plea hearings were started and stopped for reasons unrelated to any issues raised in Petitioner's current motion.

6

not sufficient grounds to withdraw the guilty plea."). Accordingly, this Court finds that Petitioner has failed to meet the <u>Strickland</u> standard.  Because Petitioner could not demonstrate ineffective assistance of counsel or prejudice, this Court further finds that Petitioner is not entitled to relief under <u>Padilla</u>.  The record conclusively establishes that Petitioner received effective assistance of counsel and that his claims to the contrary are baseless.

## IV. CONCLUSION

For the reasons stated above, Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence and Conviction is denied.

## V. ORDERS

IT HEREBY IS ORDERED, that Petitioner's Motion to Vacate, Set Aside or Correct his Sentence and Conviction pursuant to 28 U.S.C. § 2255 (Docket No. 584) is DENIED.

FURTHER, that a Certificate of Appealability pursuant to 28 U.S.C. § 2253 is DENIED.

FURTHER, that it is hereby certified, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and leave to proceed as a poor person is therefore DENIED.  See <u>Coppedge v. United States</u>, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

FURTHER, that the Clerk of the Court is directed to close 12-CV-595S.

SO ORDERED.

Dated:    July 28, 2013
         Buffalo, New York

<u>/s/William M. Skretny</u>
WILLIAM M. SKRETNY
Chief Judge
United States District Court
